UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MARK MCQUEEN,

        Plaintiff,

v.

LMF MAIL ROOM et al.,

        Defendants.

Case No. 2:18-cv-29

Honorable Janet T. Neff

_____/

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

    **I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains, however, occurred at the Alger Correctional Facility (LMF) in

Munising, Alger County, Michigan. Plaintiff sues the prison officials in charge of the LMF Mail Room, which Plaintiff names as LMF Mail Room, Warden Catherine Bauman, Corrections Officer Unknown Brintlinger, Resident Unit Manager G. Shrum, and Assistant Resident Unit Supervisor P. C. Masters.

Plaintiff alleges that sometime between March 16, 2015 and March 31, 2015, the LMF Mail Room received an opinion and order from the Macomb County Circuit Court denying Plaintiff's motion for relief from judgment. The LMF Mail Room rejected Plaintiff's mail. On May 19, 2015, Plaintiff discovered that the court had made a decision on his motion for relief from judgment, so Plaintiff wrote a letter to the LMF Mail Room. The LMF Mail Room informed Plaintiff that the mail had been rejected because the envelope did not have his prison number on it. Plaintiff states that due to the actions of the LMF Mail Room, he was prevented from filing a timely motion for reconsideration of the denial of his motion for relief from judgment.[1]

Plaintiff claims that the rejection of his mail without notifying him violated his rights under the Fifth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief and costs.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

---

[1] Despite his claim to the contrary, Plaintiff was allowed to file a delayed motion for reconsideration in the Macomb County Circuit Court. *See* ECF No. 1, PageID.37-45. The Court stated that given Plaintiff's explanation for the lateness of his filing, it deemed "it appropriate to consider [the] motion for reconsideration notwithstanding that it had been filed more than 21 days after the challenged decision had been entered" and addressed the merits of Plaintiff's motion. *Id* at PageID.39. Moreover, Plaintiff had the ability to file an application for leave to appeal the denial of his motion for relief from judgment for a period of 6 months from the date of the decision. *See* MCR 6.509(A).

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Analysis

Initially the Court notes that Plaintiff fails to make specific factual allegations against Defendants Bauman, Brintlinger, Shrum, and Masters, other than his claim that they failed to conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Bauman, Brintlinger, Shrum, and Masters engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

The Court further notes that Plaintiff's complaint fails to state a claim for denial of access to the courts under the First Amendment. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. However, in order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d

884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury. "[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous). Because Plaintiff's complaint does not allege interference with a direct appeal, a habeas corpus application, or a civil rights action, he has not stated a denial of access to courts claim under the First Amendment.

Plaintiff claims that the rejection of his mail violated his Fourteenth Amendment due process rights. The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Plaintiff claims that mail from the Macomb County Circuit Court containing the opinion denying his motion for relief from judgment was returned to the state court because it did not contain his prisoner number. Defendant Masters, the step I grievance respondent, stated:

> I interviewed all parties involved with this issue. Prisoner McQueen is grieving the fact that he has not received a judgment from a court. McQueen believes that mailroom staff deliberately sent his mail back to the sender. If the courts did send his mail without a number on it, the mailroom would not have notified him. Without a number on the package, how would the mailroom know who to notify? Per PD05.03.118 improperly addressed mail will be returned to sender. Grievance denied.

(ECF No. 1, PageID.14.)

Plaintiff's allegations and exhibits show that his mail was returned to the court because it did not include his prisoner number. It does not appear as if there was an intentional act designed to deprive Plaintiff of his mail. Plaintiff's factual allegations suggest that Defendants acted with negligence only. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). A claim of negligence is insufficient to support a § 1983 claim. *Daniels*, 474 U.S. at 333-36. Instead, to state a procedural due process claim, a plaintiff must allege a constitutionally arbitrary deprivation. *Id.*; *Howard*, 82 F.3d at 1350 ("'[A]rbitrary in the constitutional sense' for procedural due process purposes means conduct undertaken with something more than negligence."). To state a claim based on the deprivation of procedural due process, the "conduct must be grossly negligent, deliberately indifferent, or intentional." *Howard*, 82 F.3d at 1350. Plaintiff fails to allege any facts showing gross negligence. Moreover, the Court notes that Plaintiff was allowed to file a delayed motion for reconsideration in the Macomb County Circuit Court (ECF No. 1, PageID.37-45), and had the ability to file an application for leave to appeal for a period of 6 months from the date of the decision. Therefore, it does not appear as if Plaintiff suffered any damages as a result of the alleged misconduct. Accordingly, Plaintiff's Fourteenth Amendment claim is properly dismissed.

Finally, Plaintiff contends that Defendants' conduct violated his rights under the Fifth Amendment Due Process Clause. However, while the Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities, the Fifth Amendment's Due Process Clause circumscribes only the actions of the federal government. *Scott v. Clay County,*

*Tennessee*, 205 F.3d 867, 873 n.8 (6th Cir. 2000).  Because the named Defendants are state actors, Plaintiff's Fifth Amendment claims are without merit.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:  August 10, 2018           /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge